RYAN CO., RESPONDENT, *v.* RUSSELL, APPELLANT.

(No. 3,704.)

Submitted September 22, 1916. Decided November 8, 1916.)

[160 Pac. 000.]

*Breach of Contract—Material Variance—New Trial.*

1. The variance presented on the trial of an action for the breach of a contract of sale of cattle in which plaintiff relied, not upon the contract as written and set out in the complaint, but upon a modification thereof not pleaded, to the effect that a portion of the cattle should be delivered at a place different from that originally agreed upon, at an additional cost to the seller, was such as may have prejudiced defendant, who was, therefore, entitled to a new trial.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by the E. B. Ryan Company against Ed. Russell, from a judgment for plaintiff and from an order denying him a new trial, defendant appeals. Reversed and remanded.

*Mr. O. F. Goddard* and *Mr. John G. Skinner,* for Appellant, submitted a brief; *Mr. Goddard* argued the cause orally.

*Messrs. Johnston & Coleman,* for Respondent, submitted a brief; *Mr. Henry J. Coleman* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1912 the E. B. Ryan Company and Edw. Russell entered into a contract in writing by the terms of which Russell sold and agreed to deliver to the company 800 head, more or less, of mixed cattle then running on the range, at $40 per head;

delivery to be made on or about September 22, 1912, at Billings, but the expense of moving the cattle from Leverton bridge to be borne by the company. Two thousand dollars was paid on the purchase price and the balance was to be paid upon delivery. This action was brought to recover damages for an alleged breach of the agreement.

The complaint makes the contract a part of it and alleges that [1] defendant delivered only 617 head of the cattle and failed and refused to deliver the remaining 183 head, to plaintiff's damage in the sum of $1830. The answer admits the execution of the contract but denies any breach or any damages. As a further defense it is alleged that defendant actually gathered from the range and turned over to the plaintiff 767 head of the cattle, but through the negligence of plaintiff 150 head escaped back to the range; that it was then mutually agreed by the parties that the delivery of 617 head should be deemed a substantial compliance with the terms of the agreement and that defendant should be absolved from further compliance. These affirmative allegations were put in issue by reply. Upon the trial E. B. Ryan testified for the plaintiff that after a portion of the cattle had been gathered from the range, it was mutually agreed between the parties that 110 head should be turned over to a party at Absarokee to whom plaintiff had resold them; that the remainder of those already gathered should be driven to Billings, counted and paid for, and that this was all done; that 507 were actually delivered at Billings; that it was further agreed that defendant should have a reasonable time thereafter to gather the remaining 183 head and that, when gathered, defendant should deliver them at Columbus, where plaintiff would receive them for shipment to Billings. At the conclusion of plaintiff's case in chief, defendant moved for a nonsuit upon the ground of a material variance between the plaintiff's pleading and proof. Before the motion was passed upon, plaintiff asked leave of court to amend the complaint so as to plead the modification as well as the original contract. Each of these applications was denied. The trial resulted favorably to plaintiff, and defendant appealed from the judgment and from an order denying him a new trial.

Counsel for respondent concede that there was a variance between plaintiff's pleading and proof, but insist that it was not of sufficient consequence to warrant a new trial. The pur-

pose of pleadings is to present the issues for trial. The complaint in this case is intended to set forth in legal and logical form the plaintiff's cause of action, and, with the answer and reply, to present a proposition affirmed on the one hand and denied on the other. The object of the complaint is to apprise the defendant of the precise points upon which he will be called to offer proof.

Our Codes recognize three degrees of disagreement between pleadings and proof. A *material* variance is one which actually misleads the adverse party to his prejudice in maintaining his action or defense upon the merits. (Sec. 6585, Rev. Codes.) An *immaterial* variance is a discrepancy between the pleading and proof of a character so slight that the adverse party cannot say that he was misled thereby. (Sec. 6586.) A *failure of proof* results when the evidence offered so far departs from the cause of action pleaded that it may be said fairly that the allegations of the pleading in their general scope and meaning are unproved. (Sec. 6587.) If the variance is a material one the court should permit the pleading to be amended, upon such terms as may be just. (Sec. 6585.) If the variance is immaterial the court may direct the facts to be found according to the evidence, or may permit the pleading to be amended without the imposition of terms. (Sec. 6586.) If there is a failure of proof, of course there is no ground for amending and the offending party is out of court. From necessity these statutes are very general in their terms. No hard and fast rule can be prescribed for determining whether in a given instance a party has actually been misled to his prejudice. Every case must depend upon its own peculiar facts and circumstances.

In this action plaintiff gave notice in the complaint that reliance would be placed upon the written contract pleaded and that defendant must be prepared to meet the claim that a breach of that particular contract would constitute the gist of plaintiff's case. The evidence offered by plaintiff disclosed that the original contract as written had been modified by a subsequent agreement and that it was the failure of defendant to comply with this modified portion, that gave rise to plaintiff's principal complaint. ·To determine whether this variance was a material one, the trial court should have applied either of two tests: (1) If the modification had been pleaded in the complaint and defendant in his answer had denied that any such modification had ever been made, would the issue thus raised have been a material one calling for proof? Or (2) would the evi-

dence of a breach of the contract pleaded be sufficient to show a breach of the contract as modified?

The modification changed the time of delivery of the 183 head of cattle; changed the place of their delivery from Billings to Columbus, and imposed upon the defendant the expense of their delivery. At least this is the implication from Ryan's testimony. He said: "We agreed, while it was storming, to bring these cattle on to Billings and then he [defendant] was to go back and put up his hay and gather the balance of these cattle and deliver them at Columbus, in the stock yards there and I was to ship them."

It is often difficult to distinguish between a material variance and a failure of proof, and this record illustrates the difficulty as well as one could. We are inclined to the view that it cannot be said that the allegations of the complaint in their general scope and meaning were unproved, but the variance was such as in the ordinary course of the trial of a lawsuit would prejudice the defendant. He may not have been able to demonstrate that he was unable to meet the changed conditions solely because he had not been notified of plaintiff's claim that the original contract had been modified; but the character of the variance was such that the statement by his counsel that defendant was taken by surprise, that he was not prepared to meet the evidence of the modification, and that he would be prejudiced in making his defense on the merits, should have been accepted as sufficient proof of the facts.

In the absence of any request by plaintiff to amend, the defendant would have been entitled to a nonsuit on account of the variance. The request to amend should have been granted upon such terms as would enable defendant to plead to the amendment and prepare to meet the issue thus raised. Without the amendment in the record the defendant's motion should have been granted.

The justice of the case requires that a new trial be had in order that the pleadings may be redrafted properly and the cause tried upon its merits and upon a correct theory. The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

Opinion on Motion for Rehearing.

(Submitted December 5, 1916. Decided December 14, 1916.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In their motion for rehearing, counsel for respondent direct our attention to the fact that in the opinion heretofore rendered we held in effect that the original contract had been modified by an unexecuted oral agreement. Such was not our purpose. The use of the word *oral* in the opinion was a mere inadvertence and the term will be eliminated. There is nothing in the evidence to warrant the assumption that the subsequent agreement was oral. If it is one required to be in writing, the law presumes it was in writing. It was not our purpose to prejudge the character of the subsequent agreement or to consider it further than was necessary to determine that there was a material variance between plaintiff's pleading and proof, rather than a complete failure of proof, and we reached our conclusion by adopting respondent's theory—repeatedly referred to in his brief—that the subsequent agreement amounted only to a modification of the original contract, rather than a substitution for it.

We considered the case from the standpoint of the parties when the motion for nonsuit was made, and it was our purpose to leave them in the position which they occupied when respondent asked leave of court to amend his complaint. We said: "The request to amend should have been granted," and we remanded the cause in order that plaintiff might have the relief which he asked from the trial court, but which was denied him.

It is not for this court to say what proceedings shall be had in the case after the amendment is made, or whether it is possible for plaintiff to succeed upon his complaint as amended.

The opinion heretofore delivered is amended as indicated, and the motion for rehearing is denied.

*Rehearing denied.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, having been absent, took no part in the original opinion and takes no part in this.